IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MATTHEW DWAYNE SMITH,

    Petitioner,

v.　　　　　　　　　　　　　　　　　　　　Civil Action No. 3:08CV124
　　　　　　　　　　　　　　　　　　　　　　Criminal Action No. 3:05CR7-1
UNITED STATES OF AMERICA,　　　　　　　(JUDGE BAILEY)

    Respondent.

### REPORT AND RECOMMENDATION
### THAT §2255 MOTION BE DENIED

### I. INTRODUCTION

On August 7, 2008, petitioner filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody.[1] On August 11, 2008, the Court ordered the United States to respond to petitioner's Motion Under 28 U.S.C. § 2255.[2] The United States filed a Motion for Extension of Time to File Response on September 9, 2008,[3] which the Court granted on September 18, 2008.[4] The United States filed its Response to Petitioner's Motion Made Pursuant to 28 USC 2255 on October 8, 2008.[5] Petitioner filed a Motion for Extension of Time to File Reply on October 27, 2008,[6] ultimately filing his Reply on

---

[1] Docket No. 405

[2] Docket No. 411

[3] Docket No. 419

[4] Docket No. 422

[5] Docket No. 426

[6] Docket No. 428

November 24, 2008.[7]

## II. FACTS

### A. Conviction and Sentence

Petitioner, Ernest Van Carr and Angel Manuel Gonzalez, were named in a Second Superseding Indictment charging them with various acts of drug trafficking.

Petitioner, Carr and Gonzalez were charged in Count 1 with engaging in a conspiracy to distribute cocaine base, also known as "crack," in violation of Title 21, United States Code, Section 846.

Smith was also charged in Counts 2, 3, 4, 5, 6, 7, 8, and 9 with distribution and Count 10 with possession with intent to distribute cocaine[8] in violation of Title 21, United States Code, Section 841(a)(1).

Carr was also charged in Counts 8 and 9 with distribution and Count 10 with possession with intent to distribute cocaine.

Gonzalez was also charged in Counts 5 and 11 with distribution of cocaine.

Petitioner proceeded, with his co-defendants, to a jury trial held before then Chief Judge Irene M. Keeley on January 9, 2006. The trial lasted six days, concluding on January 18, 2006 with the following jury verdict:

> Smith – Guilty as to Counts 1, 3, 4, 5, 7, 8, 9, and 10; Not Guilty as to Counts 2 and 6;
> Carr – Guilty as to Counts 1, 9, and 10; Not Guilty as to Count 8;
> Gonzalez – Guilty as to Counts 1, 5, and 11.

---

[7] Docket No. 434

[8] Except for Count 5, which involved cocaine hydrochloride, all counts involved cocaine base, also known as "crack."

On May 17, 2006, all defendants appeared before the Court for sentencing. Smith was sentenced to 292 months incarceration as to Counts 1, 4, 7, 9, and 10 and 240 months incarceration as to Counts 3, 5, and 8. Carr and Gonzalez were sentenced to 151 months incarceration on each of their respective counts of conviction.

**B.     Appeal and Writ of Certiorari**

All three defendants appealed. The United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentences of each defendant. See United States v. Smith, 2007 WL 1544813 (C.A.4 W.Va.)).

Smith filed a pro se petition for certiorari with the United States Supreme Court. See Fourth Circuit Court of Appeals, Docket No. 06-4550, Entry No. 80. The petition was denied on October 9, 2007. See Smith v. United States, 128 S.Ct. 408, 169 L.Ed.2d 286 (2007).

**C.     Federal Habeas Corpus**

Petitioner contends his counsel rendered ineffective assistance because counsel failed to:

   1) object to an improperly calculated sentence;

   2) represent petitioner on "issues related to Title 21 U.S.C. § 841(a)(1)";

   3) object to petitioner being sentenced under a mandatory sentencing scheme; and

   4) file a writ of certiorari when requested to do so.

The Government contends that counsel did not render ineffective assistance because:

   1) petitioner's sentence was properly calculated;

   2) petitioner's reliance on case law is flawed;

   3) petitioner was not sentenced under a mandatory sentencing scheme; and

   4) petitioner's only evidence that he requested counsel to file a writ of certiorari is

his own self serving statements.

**D.     Recommendation**

Based upon a review of the record, the undersigned recommends that all of petitioner's claims of ineffective assistance of counsel, except the failure to file a writ of certiorari, be denied and dismissed from the docket.

### III. ANALYSIS

**A.     Petitioner's Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va. Jan. 4, 2006).

**B.     Procedurally Barred Claims**

Before evaluating the merits of petitioner's claims, the Court must determine which of petitioner's issues he may bring in his § 2255 motion and which are procedurally barred.

It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Constitutional errors that were capable of being raised on direct appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888,

891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

It does not appear that any of petitioner's claims are procedurally barred.

## C. Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel are measured under a two-part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90.

Second, the petitioner must demonstrate he was prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

## D. Claim 1: Whether Counsel Rendered Ineffective Assistance in Failing to Object or Argue that the Sentence Imposed was Improperly Calculated.

5

Petitioner contends that the Court, in determining his guideline relevant conduct, relied upon inadmissible hearsay and acquitted charges to "boost the sentence." Consequently, petitioner argues that "[c]ounsel made no adequate objection."

Interestingly, petitioner does not identify or explain what he believes was inadmissible hearsay, nor does he identify or explain how the Court relied upon it for sentencing.

Just as curious, petitioner concedes that so long as acquitted conduct has been proved by a preponderance of the evidence, the sentencing court may consider the conduct for sentencing. United States v. Watts, 519 U.S. 148 (1997). Instead, petitioner claims that "Watts hardly put the debate to rest" and crafts his argument by quoting a dissenting opinion of Justice Kennedy. Petitioner essentially asks this Court to overrule decisions made by the United States Supreme Court for petitioner's benefit. Obviously, the Court will not purposefully contradict the Supreme Court. This Court must and will follow decisions of the Supreme Court.

Regardless of petitioner's contentions, counsel can hardly be considered ineffective for not making "adequate" objections. While, "the failure of counsel to object to an improper application of the sentencing guidelines may amount to ineffective assistance of counsel," United States v. Breckenridge, 93 F.3d 132, 136 (4th Cir. 1996), counsel, here, made seventeen written objections. Fifteen of the objections contested the Government's version of the offense, which the Court overruled because the government has the right to file it's own version. (See Dckt. 322, p. 4-6). Objections number sixteen and seventeen related directly to the attribution of relevant conduct by witness testimony. (Id. at 6-7). In ruling on each, the Court noted that:

> Regarding relevant conduct, drug quantities which increase the statutory maximum are elements of the offense which must be charged in the indictment and submitted to a jury for proof beyond a reasonable doubt. United States v. Stewart, 256 F.3d 231, 252

6

> (4th Cir. 2001), *cert denied*, 534 U.S. 1049 (2001). Proof of drug quantity which does not increase the staturoy maximum is not implicated by Appredi v. New Jersey, 530 U.S. 466 (2000) or the remedial opinion of Justice Breyer in United States v. Booker, 125 S.Ct. 738 (2005), and thus remains a sentencing factor to be determined by the court by a preponderance of the evidence. A district court's findings regarding drug quantity are ordinarily factual in nature, and therefore, will be reversed on appeal only if clearly erroneous. *See, e.g.*, United States v. Kiulin, 360 F.3d 456, 461-62 (4th Cir. 2004) (finding that a district court "need not 'err' on the side of caution or otherwise; it must only determine that is was more likely than not that the defendant was responsible for at least the drug quantity attributed to him.")

(Id.). Accordingly, the Court found the relevant conduct attributed to defendant by witness testimony by a preponderance of the evidence. (Id.).

As a result, petitioner cannot make a valid case for ineffective assistance of counsel. The inadmissible hearsay that petitioner relies upon is not identified for the court, and counsel made objections based upon perceived errors of the Court to which the Court ruled, preserving on record, its necessary considerations and findings. Petitioner's claim has no substance.

**E.     Claim 2: Whether Counsel Rendered Ineffective Assistance in Failing to Properly Represent Petitioner on Issues Related to Title 21 U.S.C. § 841(a)(1).**

Petitioner posits that his counsel was ineffective because counsel failed to argue that the sentence imposed as to his conspiracy charge was unconstitutional. Petitioner states that the Court "aggregated the individual acts of the conspiracy, charged or uncharged, under the aegis of conspiracy law, 21 U.S.C. § 846, to create an overarching offense of § 841(a)(1) caliber." Petitioner then offers seven pages of case reviews and rule statements, alleging no specific facts. Petitioner ultimately concludes that his sentence was grossly exaggerated.

A district court should construe *pro se* petitions liberally, no matter how unskillfully pleaded. See Haines v. Kerner, 404 U.S. 519, 520 (1972). "Although the pleading requirements

7

are construed liberally, '[l]iberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader. If it fails to do so, a motion under Rule 12(b)(6) will be granted.' 2 Moore's Federal Practice § 12.34[1][b], at 12-60 (3d ed)." Minone v. McGrath, 435 F.Supp. 2d 266 (S.D.N.Y. 2006).

The Court notes that the best way to demonstrate error in a habeas corpus petition is to set forth specific facts which show that a petitioner is entitled to relief. Collecting seven pages of case reviews and rule paragraphs that tangentially apply to a petitioner's underlying conviction that amount to gibberish when juxtaposed without context followed by three conclusory sentences is not an effective way to demonstrate error. This particular contention is unintelligible and should be denied as such.

**F.     Claim 3: Whether Counsel Rendered Ineffective Assistance in Failing to Argue that Petitioner was Sentenced Under a Mandatory Sentencing Scheme.**

Petitioner maintains that he was sentenced under a mandatory sentencing scheme, and that the court gave "little, if any, consideration to the factors enumerated in 18 U.S.C. § 3553(a)." Petitioner contends that counsel failed to argue this point to the court.

This claim is not supported by the facts. Reading the Sentencing transcript indicates that the Court followed its duties under 18 U.S.C. § 3553. *See* sentencing transcript, p. 272 (court noting that it has to address 3553 issues even though no defendant is raising them); *See also* sentencing transcript, p. 282-290 (court mechanically going through the factors and noting guideline ranges for each defendant). *See* also sentencing transcript, p. 290-291 (court imposing sentence on petitioner "pursuant to the Sentencing Reform Act of 1984 and the Advisory Guidelines created by that Act, as well as the statutory factors und 3553(a)"). Petitioner does not

suggest any factors that the court did not consider, nor does he offer factors that would have weighed in his favor.

Moreover, petitioner contends that counsel failed to argue the disparity between crack cocaine and powder cocaine sentences on petitioner's behalf and that such failure to urge the court to consider the disparity when sentencing petitioner amounts to ineffective assistance.

Petitioner does not demonstrate how counsel's failure to argue the sentencing disparities between powder and crack cocaine amounted to deficient counseling or prejudiced petitioner. Petitioner does not show or explain how making such an argument would have affected his sentence. In fact at the time of petitioner's sentencing, Judge Keeley was aware of the disparity and indicated her understanding of the law:

> . . . I don't think that there is a district court judge in the country that would disagree with the proposition that where we signed the law, that the disparity between crack cocaine and powder cocaine sentences is one that warrants a serious adjustment. But that being said, the law in the Fourth Circuit is very clear, and that is the oath I took to follow; and so, therefore, that is not a discretionary issue for this Court.

(Sentencing transcript, p. 285-286).

Accordingly, counsel cannot be faulted for not raising an issue upon which the sentencing judge is resolved based upon her oath and understanding of circuit case law. See Perez v. United States, 286 Fed. Appx. 328, 331-332 (C.A.7 (Ill.)) ("Failure to raise a losing argument. . . does not constitute ineffective assistance."). See also Almon v. United States, 302 F.Supp.2d 575, 586 (D.S.C. 2004).

Additionally, the petitioner directs the court to consider the sentences imposed on his co-conspirators. Petitioner notes that Carr and Gonzalez received shorter sentences and contends

9

that his counsel should have argued that the disparity between sentences was inappropriate, and counsel's failure to address this "is cause to question [counsel's] representation."

Petitioner is correct in noting that courts should take care to avoid "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." See United States v. Clark, 434 F.3d 684, 686 (4th Cir. 2006). Nevertheless, petitioner fails to account for the differences among co-defendants with respect to relevant conduct and prior convictions. Petitioner had a total offense level of 38, Criminal History Category III (Dckt. 322); Carr had a Total Offense Level of 32, Criminal History Category III (Dckt. 327); Gonzalez had a Total Offense Level of 34, Criminal History Category III (Dckt. 325). As a result, petitioner had a higher sentencing exposure than his convicted co-conspirators, thereby warranting his longer sentence. Any suggestion that petitioner's counsel should have argued that the court should have departed from the guidelines in petitioner's case simply to harmonize his sentence with his co-conspirator's sentences is unreasonable and does not reflect the goals of sentencing.

Finally, petitioner maintains that his counsel was aware of the factors set forth in United States Sentencing Guidelines Chapter 5H, that the Court was "not made aware," and counsel failed to bring these factors to the attention of the court resulting in ineffective assistance of counsel.

Again, petitioner has made a bald assertion without offering any specific facts which show that he is entitled to relief. Petitioner claims that his counsel was aware of the factors set forth in United States Sentencing Guidelines Chapter 5H while the court was unaware, but petitioner does not explain or demonstrate that either contention is true. Furthermore, petitioner

10

does not offer any inkling as to how any of these factors would benefit petitioner. Making bald assertions coupled with the citation of a rule in the hopes that the United States or the Federal Courts will comb the record to make a case for petitioner does not demonstrate that the petitioner is entitled to relief. See R. 2(b)(2), Rules Governing Section 2255 Proceedings, Rule 2, 28 U.S.C.A. foll. § 2255 ("The motion must state the facts supporting each ground").

## G. Claim 4: Whether Counsel Rendered Ineffective Assistance in Failing to File a Petition for Writ of Certiorari.

Petitioner claims that he requested his counsel to "file a writ of certiorari to the Supreme Court on several issues. Counsel declined to do so and withdrew." The Government contends that because petitioner has offered no evidence, besides his self-serving statements, petitioner has not made a threshold showing of the facts alleged and relief should be denied.

After an adverse appellate judgment, appointed counsel must inform appellant in writing of his right to petition the Supreme Court of the United States for a writ of certiorari. Wilkins v. United States, 441 U.S. 468, 469 (1979); See also Proffitt v. United States, 549 F.2d 910, 913–914 (4th Cir. 1976), cert. denied, 429 U.S. 1076 (1977) (citing Plan of the United States Court of Appeals for the Fourth Circuit in Implementation of the Criminal Justice Act of 1964, Part VI (B)(2); F.R.Cr.P. 44(a); Doherty v. United States, 404 U.S. 28 (1971)). Counsel must prepare for filing in the Supreme Court and transmit to the defendant, a timely petition for such a writ if requested by the defendant to do so. Id.

Here, petitioner filed a pro se petition for certiorari with the United States Supreme Court. See Fourth Circuit Court of Appeals, Docket No. 06-4550, Entry No. 80. The petition was denied on October 9, 2007. See Smith v. United States, 128 S.Ct. 408, 169 L.Ed.2d 286 (2007). Nevertheless, United States Court of Appeals for the Fourth Circuit Local Rule 46(d)

11

(former Internal Operating Procedure 46.3) states in pertinent part that:

> The duty of counsel appointed under the CJA extends through advising an unsuccessful appellant in writing of the right to seek review in the Supreme Court. If the appellant requests in writing that a petition for writ of certiorari be filed and in counsel's considered judgment there are grounds for seeking Supreme Court review, counsel shall file such a petition. If appellant requests that a petition for writ of certiorari be filed but counsel believes that such a petition would be frivolous, counsel may file a motion to withdraw with the Court of Appeals. The motion must reflect that a copy was served on the client and that the client was informed of the right to file a response to the motion within seven days. The Clerk will hold the motion after filing for fifteen days before submitting it to the Court to allow time for appellant's response, if any, to be received.

Additionally, the Fourth Circuit has previously noted that "[u]nder the Criminal Justice Act, a federal criminal defendant in the Fourth Circuit has the right to representation through his direct appeal, including the filing of a certiorari petition in the Supreme Court." United States v. Woodhouse, 1996 WL 278751 at *3 (C.A.4 (Va.)).

In United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) the Court wrote, "In order to establish a Sixth Amendment violation based on counsel's failure to appeal, Witherspoon must prove that (1) counsel was ineffective and (2) but for counsel's ineffectiveness, an appeal would have been filed. See Roe v. Flores-Ortega, 528 U.S. 470 (2000)."

Counsel was ineffective here if he failed to file the petition for certiorari after a request by Defendant as Defendant alleges. However, the petition for certiorari was filed by Defendant pro se. There was no harm to Defendant and Defendant did not lose the right to file a petition for certiorari. Defendant cannot meet the second part of the Roe v. Ortega test. Therefore,

12

Defendant is not entitled to relief on this issue.

## IV. OTHER MATTERS

Motion for Extension of Time to File Reply (Dckt. 428) is **GRANTED,** insofar as the Reply that petitioner filed on November 24, 2008 is the only Reply.

## V. RECOMMENDATION

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John P. Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and counsel of record, as applicable.

DATED: January 13, 2009

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE